

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 8, 1947

Hon. N. H. Lee, Director
Texas State Parks Board
Austin, Texas

> Attention: Hon. E. B. Camiade,
> Auditor

> Opinion No. V-330

> Re: Authority of the Texas
> State Parks Board with
> respect to land acquired
> in its program relative
> to Big Bend National Park

Dear Sir:

Reference is made to your letter of June 19, 1947, which reads as follows:

"This is in reference to the Land Acquisition Program for Big Ben National Park as authorized by Article 6077e, Acts 1939, 46th Legislature, Page 520.

"An appropriation was made for the purchase of land by the 47th Legislature, Chapter 571, Pages 1212 and 1213, Item 91.

"The Texas State Parks Board established the Big Bend Land Department for the purpose of purchasing the lands and on August 26, 1943 the State of Texas deeded 691,338.95 acres to the United States of America as per enclosed copy of deed.

"In addition to said area deeded to the Federal Government, the Texas State Parks Board acquired certain sections of land which either adjoined or were partially included in the area described in Article 6077e and which sections were not deeded to the Federal Government.

"Included within the area described in Article 6077e are certain sections of land which were not acquired in the Land Purchase Program and title to which still remains in private ownership.

"We respectfully request opinions on the following questions:

"1. Can the Texas State Parks Board sell any of the lands set out in the fourth paragraph of this letter and use the proceeds from said sales for the purchase of lands set out in the fifth paragraph of this letter, and may the thus acquired lands be deeded to the Federal Government as a part of the Big Bend National Park?

"2. Can the Texas State Parks Board trade any of the lands set out in the fourth paragraph of this letter for lands set out in the fifth paragraph of this letter and may the thus acquired lands be deeded to the Federal Government as a part of the Big Bend National Park?

"May we call your attention to the following legislation on Big Bend National Park which is in addition to that already mentioned: Art. 6077b, Art. 6077c, Art. 6077d and Acts of the 48th Legislature, Chapter 291, Page 425.

"Also may we call your attention to Legislation on the State Parks Board in general as follows: Articles 6067 to 6070d, inclusive."

It is a settled law of this State that "public officers and governmental and administrative boards possess only such powers as are expressly conferred upon them by law, or necessarily implied from the powers so conferred." 34 Tex. Jur. § 67, p. 440. See also Acme Refining Co. vs. State, 86 S. W. (2) 507.

Further, "statutes which prescribe and limit the exercise of official duty are strictly construed in respect to the powers conferred and the manner of their

exercise, and such powers are not to be enlarged by construction." 34 Tex. Jur. § 68, p. 443.

The State Parks Board was created by Article 6067, V. C. S., and its general powers and duties are set out in Articles 6068 through 6070b, V. C. S. After a careful reading and analysis of the above statutes, we are of the opinion that there has been no express or implied legislative grant of authority to the Parks Board to sell land.

In further search of a legislative grant of authority to the State Parks Board to sell land, we turn next to Articles 6077c and 6077e, V. C. S. These two Acts, respectively, create the Big Bend State Park and the Big Bend National Park. The former statute was passed in 1933 and amended in 1937. The latter statute was passed in 1939.

It appears from Section 2 of Article 6077c that the Legislature intended to grant authority to the State Parks Board to either sell or exchange any land acquired under the provisions of that Act, which created the Big Bend State Park. However, when the Legislature passed Article 6077e, creating the Big Bend National Park, no grant of authority was made to the State Parks Board to sell land not included in the National Park area, so defined by said Article 6077e, and to use the proceeds for the purchase of lands within the designated National Park area. On the other hand, the Legislature, evidently cognizant of the fact that the State Parks Board owned land outside the National Park area, as defined in said Article 6077e, and cognizant of the further fact that there existed lands within the designated National Park area which the State Parks Board did not own, specifically provided in Article 6077e the manner by which the State Parks Board could dispose of the lands outside the National Park area and obtain the desired lands within the designated National Park area. We quote Section 5 of Article 6077e:

> "That the Texas State Parks Board is hereby authorized to exchange any lands that have been acquired for park purposes under the provisions of Chapter 100, Acts First Called Session of the Forty-third Legislature, and that may have been acquired for park purposes under Chapter 95, Acts Regular

Session Forty-third Legislature, that
are situated outside of the boundaries
of the area described and designated
in this Act as the Big Bend National
Park, for lands not yet acquired for
park purposes within the area which has
been described in this Act and designa-
ted as the Big Bend National Park."

We conclude, therefore,from a construction of
both Articles 6077c and 6077e, V. C. S., that no authori-
ty exists in the State Parks Board to sell any land which
said Board may have acquired as a part of the Big Bend
State Park and use the proceeds from said sale to pur-
chase lands which are located within the area designated
by said Article 6077e, as the Big Bend National Park. It
follows that our answer to your first question is in the
negative.

With regard to your second question, it is our
opinion that the State Parks Board has authority under
Section 5 of Article 6077e, quoted above, to exchange
the lands referred to in the fourth paragraph of your
letter for the lands referred to in the fifth paragraph
of your letter, if the provisions of Section 5, Article
6077e are met in all respects, and provided further, that
the land or lands to be transferred by the State Parks
Board were not included in the lands enumerated in
Section 4, Acts 1943, 48th Leg., p. 425, Ch. 291, as
transferred from the State Parks Board to the State of
Texas.

It is our further opinion, in connection with
your second question, that the land so acquired by the
exchange may be deeded to the Federal Government as a
part of the Big Bend National Park.

## SUMMARY

(1) The State Parks Board has no au-
thority to sell certain lands which it has
acquired outside the Big Bend National Park
and use the proceeds to purchase lands with-
in the said National Park area.

(2)  The State Parks Board has authority to exchange such lands for lands within the National Park area, as provided in Article 6077e, Sec. 5, V. C. S., if the conditions prescribed in said section are met, and provided further, that the lands to be transferred were not set out in Sec. 4, Acts 1943, 48th Leg. p. 425, Ch. 291, as transferred from the State Parks Board to the State of Texas. The land thus acquired may be deeded to the Federal Government as part of the Big Bend National Park.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By        Charles E. Pratt
                Assistant

CEP:bt

APPROVED

ATTORNEY GENERAL